Filed 7/16/14  P. v. Walker CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JANICE WALKER,<br><br>    Defendant and Appellant. | 2d Crim. No. B251376<br>(Super. Ct. No. 2011010301)<br>(Ventura County) |

Janice Walker appeals from an order denying her motion to withdraw a plea of guilty to one count of possessing methamphetamine for sale and one count of maintaining a place for the sale or use of methamphetamine. (Health & Saf. Code, §§ 11378, 11366.)[1]  Walker admitted that in 1991 she suffered a prior narcotics conviction.  (§ 11370.2, subd. (c).)  The trial court sentenced her to five years in county jail, to be served one year in jail and four years under mandatory supervision.  The trial court granted her request for a certificate of probable cause.  (Pen. Code, § 1237.5.)

Walker filed a notice of appeal.  We appointed counsel to represent her. After counsel examined the record, he filed an opening brief raising no issues.  On January 31, 2014, we advised Walker that she had 30 days within which to personally submit any contentions or issues that she wished to raise on appeal.  Walker obtained an

_____

[1]  All statutory references are to the Health & Safety Code unless otherwise stated.

extension of time. On April 30, 2014, she filed a supplemental brief in which she contends that her trial counsel failed to investigate her claim that a search warrant was based on a false affidavit and that her guilty plea was based on a false promise that she would not be subjected to more than four months of mandatory supervision. We affirm.

A confidential informant bought methamphetamine from Walker twice in March of 2011. Ventura police officers monitored the transactions, obtained a warrant, and searched Walker's home. They found "pay/owe sheets," cash, methamphetamine, and a syringe with heroin in a safe in Walker's room. They found methamphetamine in Walker's pocket and in her purse. They also found a digital scale, 10 glass pipes with methamphetamine residue, and 56 syringes in the home.

A woman who was present during the search said Walker had given her free methamphetamine several times. Another woman said she had been living on the couch in Walker's home and that Walker and others regularly used controlled substances in Walker's room.

Walker was charged with two felony counts of selling methamphetamine (§ 11379, subd. (a)), one felony count of possessing methamphetamine for sale (§ 11378), one felony count of maintaining a place for selling or using controlled methamphetamine (§ 11366), and two misdemeanor counts of possessing paraphernalia (§ 11364). She pled guilty to two felony counts, and admitted one prior conviction, in exchange for dismissal of the remaining counts.

Before sentencing, Walker moved the trial court for leave to withdraw her plea. She said that she agreed to four years of mandatory supervision because she felt pressured, and her attorney promised that she would only be supervised for three to four months. The court denied the motion.

The record contains no promise limiting the term of mandatory supervision. In court, and in writing, Walker acknowledged that her attorney had explained she could be sentenced to county jail for a maximum term of six years eight months, and that "the concluding portion of this term may be suspended, during which time I would be supervised by a probation officer." When the trial court asked if anyone had made any

2

threats or promises to her, she answered, "Yes -- I mean no."  She acknowledged in writing that she entered the plea "freely and voluntarily and not as the result of any force, pressure, threats or coercion."

Walker also contends on appeal that her attorney should have investigated and challenged the search warrant because the affiant falsely stated that Walker drove a car during the first monitored drug transaction.  Walker asserts that she does not drive or have a license and that someone else was driving the car.  Walker did not make this claim in her oral motion to withdraw the plea.  Moreover, Walker has not demonstrated that any failure to investigate this collateral issue was deficient or prejudicial.  (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)  The officer who testified at the preliminary hearing acknowledged that someone else was in the car with Walker the first time he watched Walker sell methamphetamine to the confidential informant.  Walker's voice was captured on audiotape making the sale, as it was in the second transaction which occurred in a restaurant, not a car.

We have reviewed the entire record and are satisfied that Walker's attorney has fully complied with his responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

3

Ken W. Riley, Judge

Superior Court County of San Luis Obispo

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.